## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKLIN W. DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00100 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CRYSTAL DAVIS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, Franklin W. Davis, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He complains that jail officials failed to provide appropriate treatment when he complained of a broken finger. Davis has not prepaid the required filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(b), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings and past court records, I conclude that he does not qualify to do so, because of his current allegations and his prior cases in federal courts. Accordingly, I will deny his application for in forma pauperis status and summarily dismiss this lawsuit under 28 U.S.C. § 1915(g).

In his Amended Complaint, Davis alleges that in early January 2022, he entered the Roanoke City Jail with an injury to his left ring finger. A nurse examined the injury and said that she would leave a note for the doctor. A day or two later, Nurse Davis examined Davis's finger and wrapped it in gauze. After an X ray of the injured finger in late January, a medical provider met with Davis and said that the injury to his finger appeared to be an old one. In early February 2022, authorities transferred Davis to another jail for five days. During that time, Davis underwent an X ray. A provider explained that "he had suffered a fracture called a mallet finger avulsion that started to deform [his] finger." Am. Compl. 3, ECF No. 8. Thereafter, jail officials arranged for Davis to see an orthopedic specialist about that injury. In this action, Davis sues Nurse Davis and the Roanoke City Sheriff, seeking monetary compensation for lack of medical care.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Davis has brought such actions on three or more prior occasions, including *Davis v. Roanoke City Jail*, 7:22CV00611 (W.D. Va. Nov. 23, 2022) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim); *Davis v. Roanoke Public Defenders*, 7:22CV00678 (W.D. Va. Feb. 8, 2023) (dismissed under 28 U.S.C. § 1915A for failure to state claim); *Davis v. Roanoke City Police Dep't*, 7:22CV00679 (W.D. Va. Feb. 8, 2023) (dismissed under 28 U.S.C. § 1915A for failure to state claim).  Accordingly, Davis may proceed without prepayment of the filing fee only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct.  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint.  *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) Thus the imminent danger exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."  *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Davis's claims concern past occurrences that allegedly delayed treatment for a past injury.  He does not state facts showing that he is currently at imminent risk of physical injury because of the defendants' alleged actions or inactions.  Thus, he does not state facts showing for purposes of the § 1915(g) exception that he was in imminent danger of serious physical injury related to his claims when he filed his current lawsuit.

For the stated reasons, I cannot find that Davis is eligible to proceed without prepayment of the filing fee under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:   May 5, 2023

/s/  JAMES P. JONES
Senior United States District Judge